UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEBRA LIVA                                                        CIVIL ACTION

VERSUS                                                            No. 20-1586

OLD REPUBLIC INSURANCE COMPANY, ET AL.         SECTION I

ORDER

Before the Court is the defendants'[1] motion[2] for a spoilation charge and adverse inference against the plaintiff, Debra Liva ("Liva"). Liva opposes the motion[3] and the defendants have filed a reply[4] to her opposition.

At bottom, the defendants claim that Liva "failed to retain" an audio recording she should have preserved.[5] But counsel for Liva represented in her opposition that the recording "has not been destroyed and is available for production."[6] That should have been that.

For some reason, though, the recording seems to be one of the subjects of a motion to compel filed by the defendants three days after Liva confirmed it was "available for production."[7] And though the defendants acknowledge that production of the audio recording would "render the instant spoilation motion moot,"[8] they ask

---

[1] The remaining defendants are Old Republic Insurance Company and Seven C's Building Maintenance, Inc.
[2] R. Doc. No. 53.
[3] R. Doc. No. 59.
[4] R. Doc. No. 75.
[5] R. Doc. No. 53, at 1.
[6] R. Doc. No. 59.
[7] R. Doc. No. 64. That motion is pending before the Magistrate Judge.
[8] R. Doc. No. 75, at 2.

that the Court defer ruling on this motion because they "still have not seen the requested evidence or have any indication that [it] was not destroyed."[9]

That is, of course, wrong. Counsel for Liva has confirmed that the audio *was* preserved and *is* available for production. If Liva is willing to produce the recording, why is an order from this Court (or the Magistrate Judge, for that matter) necessary? Accordingly,

**IT IS ORDERED** that the motion for a spoilation charge is **DISMISSED**.

New Orleans, Louisiana, April 21, 2021.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at 3.